# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **TERRI A. MAPLES,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| v. } | Case No.: 4:08-cv-01673-RDP |
| } | |
| **MICHAEL J. ASTRUE, Commissioner** } | |
| **of Social Security,** } | |
| } | |
| **Defendant.** } | |

## MEMORANDUM OPINION

Plaintiff Terri A. Maples brings this action pursuant to Sections 205(g) and 1631(c)(3) of the Social Security Act (the "Act") seeking review of the decision of the Commissioner of Social Security ("Commissioner") denying her application for social security and Supplemental Security Income ("SSI") benefits. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). For the reasons outlined below, the court finds that the decision of the Commissioner is due to be affirmed.

**I.      Procedural History**

Plaintiff filed her application for SSI benefits and medical assistance under Titles XVI and XIX on October 19, 2005. (Tr. 31). Plaintiff's application was denied on June 1, 2006. (Tr. 43). Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") on July 12, 2006. (Tr. 48). Plaintiff's case was heard by ALJ Robert L. Hodges on February 4, 2008. (Tr. 540-68). In his May 8, 2008 decision, the ALJ determined that Plaintiff was not eligible for SSI or medical assistance because she failed to meet the disability requirements of the Act and retained the residual functional capacity ("RFC") to perform the exertional demands of unskilled light work. (Tr. 13-23). Plaintiff filed a request for a review of the ALJ's decision on May 16, 2008. (Tr. 10-12). The

Appeals Council denied Plaintiff's request for review of the ALJ's decision on July 18, 2008. (Tr. 6-8). Within the required time limitations, Plaintiff filed this civil action.

Plaintiff was born on May 2, 1961 and has a ninth grade education. (Tr. 65, 548). At the time of the hearing, Plaintiff stated that she was separated and living alone. (Tr. 547). As for her daily activities, Plaintiff noted that she does not require assistance with her personal needs, cooks occasionally, goes shopping one time each week, and sometimes does laundry and dishes (although she may need assistance). (Tr. 189-93). Plaintiff has previously worked as a house cleaner and at various other unskilled labor positions, the most recent being at a fast food restaurant for one day in 2003 or 2004. (Tr. 553). Plaintiff testified that she has not performed substantial gainful activity since June 25, 2004 (her alleged onset date of disability), due to degenerative disk disease, affective/mood disorders, and heart and thyroid problems. (Tr. 31-32, 65, 553). It was Plaintiff's testimony that she began having severe back problems in 1999 after being kicked in the back by her husband who was wearing steel-toed boots. (Tr. 561). Plaintiff has a history of mental illness in addition to her physical impairments. (Tr. 379-82). She indicates that she has difficulty being around others, has trouble remembering things, and her mind races. (Tr. 558). Plaintiff also has a history of drug and alcohol problems, but reports she no longer uses drugs. (Tr. 198, 562).

On August 11, 2005, Plaintiff was seen in the Huntsville Hospital emergency room ("ER") with complaints of low back pain, right hip and leg pain. (Tr. 431). Plaintiff was administered an MRI which showed spondylolisthesis at L5-S1 with moderate to severe stenosis, and mild degenerative disc disease in her lumbar spine. (*Id.*). On September 25, 2005, Plaintiff was seen in the Huntsville Hospital ER with reports of chest pain. (Tr. 409-26). A single view of the chest demonstrated no evidence of focal infiltrate, effusion, or acute cardiopulmonary process. There was

no definite acute cardiopulmonary disease. (Tr. 426). On March 2, 2006, Plaintiff was again seen at the Huntsville Hospital ER with complaints of back pain. (Tr. 384). Plaintiff was diagnosed with a degenerative change at L5-S1 with grade 1 spondylolisthesis, and calcification in the right upper quadrant which could possibly be related to the gallbladder. (Tr. 384-96).

On May 24, 2006, Plaintiff was treated at the Cromeans Clinic for lower back pain, right hip and leg pain, for which she was prescribed medication. (Tr. 532). Plaintiff was again treated for lower back pain at the Cromeans Clinic on July 20, 2006, September 14, 2006, and November 10, 2006. (Tr. 531-29). Plaintiff was prescribed medication each time and released. (*Id.*).

On November 20, 2006, Dr. Hargraves at Marshall Medical Center examined Plaintiff. Dr. Hargraves diagnosed Plaintiff with degenerative disc disease. (Tr. 520). Plaintiff was given injections of Toradol and Norflex. (*Id.*). Plaintiff was discharged the same day with instructions for her after-care which she verbalized that she understood. It was noted that Plaintiff did not need a doctors' release to return to normal daily activities. (*Id.*)

On December 3, 2006, Plaintiff was treated by Dr. Jeff Saylor at Marshall Medical Center North for complaints of chronic back pain. (Tr. 503-12). Plaintiff was diagnosed with acute myofascial lumbar strain. (*Id.*) Plaintiff was again prescribed medication and released. (Tr. 511).

Plaintiff returned to the Cromeans Clinic on December 18 and 19, 2006. (Tr. 528). It was noted that Plaintiff had a markedly hypothyroid and was advised that she needed to try and acquire insurance. Plaintiff was again prescribed medication and released. (*Id.*).

Plaintiff returned to Marshall Medical Center North on January 22, 2007, and was treated by Dr. Allan Zahn. (Tr. 486-99). Following x-rays and a CT scan, Dr. Zahn diagnosed Plaintiff with abdominal pain and acute dysemenorrhea. (*Id.*). Plaintiff was given two Demorol/Phenergan

injections and one Toradol injection, and released with instructions to contact her private doctor for follow-up. (Tr. 501).

Plaintiff was seen at Cromeans Clinic on seven more occasions – February 6, 2007, March 6, 2007, April 30, 2007, September 18, 2007, October 16, 2007, November 14, 2007, and December 12, 2007 – each time reporting lumbar pain. (Tr. 523-31). Plaintiff was diagnosed as having muscle spasms at each of the last three visits. (Tr. 523-25). The clinic did not, however, make any changes in Plaintiff's prescribed medications. (*Id*.).

## II.     ALJ Decision

Determination of disability under the Act requires a five-step analysis. *See* 20 C.F.R. § 404.1 *et. seq*. First, the Commissioner determines whether the claimant is working. Second, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Third, the Commissioner determines whether claimant's impairment meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations. Fourth, the Commissioner determines whether the claimant's RFC can meet the physical and mental demands of past work. The claimant's RFC consists of what the claimant can do despite her impairment. Finally, the Commissioner determines whether the claimant's age, education, and past work experience prevent the performance of any other work. In making a final determination, the Commissioner will use the Medical-Vocational Guidelines in Appendix 2 of Part 404 of the Regulations when all of the claimant's vocational factors and RFC are the same as the criteria listed in the Appendix. If the Commissioner finds that the claimant is disabled or not disabled at any step in this procedure, the Commissioner will provide no further review of the claim.

The court recognizes that "the ultimate burden of proving disability is on the claimant" and that the "claimant must establish a *prima facie* case by demonstrating that [s]he can no longer perform h[er] former employment." *Freeman v. Schweiker*, 681 F.2d 727, 729 (11th Cir. 1982) (other citations omitted). Once a claimant shows that she can no longer perform her past employment, "the burden then shifts to the [Commissioner] to establish that the claimant can perform other substantial gainful employment." *Id.*

The ALJ found that Plaintiff has not engaged in substantial gainful activity since October 19, 2004, the date she filed her application for social security benefits. (Tr. 18). The ALJ determined that Plaintiff has the severe combination of impairments of hypothyroidism, lumbar degenerative disc disease with osteoarthritis, grade I spondylolisthesis, a major depressive disorder, a panic disorder with agoraphobia, a personality disorder, and a history of polysubstance abuse. (*Id.*). The ALJ further determined, however, that Plaintiff's impairments, either singly or in combination, do not meet or equal any impairment listed in the Act. (*Id.*). According to the ALJ, there is no evidence of more than mild restriction of activities of daily living, mild difficulties in maintaining social functioning, or moderate difficulties in maintaining concentration, persistence, or pace. (Tr. 19). He also found no evidence of episodes of decompensation of any extended duration. (*Id.*). Additionally, the ALJ determined that Plaintiff's subjective complaints concerning her impairments and their intensity, persistence, and limiting effects were not fully credible due to inconsistencies with Plaintiff's RFC assessment. It was the ALJ's finding that with no more than moderate pain, Plaintiff has the RFC to perform light work with a sit/stand option, and the ability to respond to the mental demands of work consistent with the mental RFC assessment of the state agency non-examining medical consultant, Dr. Robert Estock. (Tr. 19-20).

5

**III.   Plaintiff's Argument for Remand or Reversal**

Plaintiff seeks to have the ALJ's decision, which became the final decision of the Commissioner following the expiration of the period for Plaintiff to file objections, reversed and remanded for further consideration. (Doc. #1 at 2). Plaintiff asserts that the ALJ did not properly evaluate the credibility of her complaints of pain consistent with the Eleventh Circuit Pain Standard and erred as a matter of law in determining that she is not entitled to benefits.

**IV.   Standard of Review**

The only issues before this court are whether the record reveals substantial evidence to sustain the ALJ's decision, *see* 42 U.S.C. § 405(g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Title 42 U.S.C. §§ 405(g) and 1383(c) mandate that the Commissioner's findings are conclusive if supported by "substantial evidence." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is reasonable and supported by substantial evidence. *See id.* (*citing Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Martin*, 894 F.2d at 1529 (*quoting Bloodsworth*, 703 F.2d at 1239) (other citations omitted). If supported by substantial evidence, the Commissioner's factual findings must be affirmed even if the evidence preponderates against the Commissioner's findings. *See Martin*, 894

F.2d at 1529. While the court acknowledges that judicial review of the ALJ's findings is limited in scope, the court also notes that review "does not yield automatic affirmance." *Lamb*, 847 F.2d at 701.

## V.     Discussion

In light of the legal standards that apply in this case, the court rejects Plaintiff's arguments for reversal and remand. For the reasons outlined below, the court finds that the ALJ properly evaluated Plaintiff's credibility of her complaints of pain consistent with the Eleventh Circuit Pain Standard and committed no error as a matter of law.

### A.     **The ALJ Properly Weighed Plaintiff's Subjective Complaints of Pain**

Plaintiff argues that the ALJ did not give her subjective complaints of pain sufficient weight. Specifically, Plaintiff asserts that the ALJ's decision is not supported by substantial evidence because the ALJ did not properly apply the Eleventh Circuit Pain Standard. The law that governs subjective complaints of pain is well-settled:

> In order to establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part test showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain. *See Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). If the ALJ discredits subjective testimony, he must articulate explicit and adequate reasons for doing so. Failure to articulate the reasons for discrediting subjective testimony requires, as a matter of law, that the testimony be accepted as true.

*Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (some citations omitted).

Plaintiff alleges disabling pain arising from chronic, moderately severe back pain. (Pl. Mem. at 5). The ALJ found Plaintiff had the severe physical impairments of hyperthyroidism, lumbar degenerative disc disease with osteoarthritis, grade I spondylolisthesis, a major depressive disorder,

a panic disorder with agoraphobia, a personality disorder, and a history of polysubstance abuse. (Tr. 18). However, the ALJ found Plaintiff's allegations regarding her limitations and their impact on her ability to work were not credible in light of her medical history, her RFC assessment, and the findings made on examination.

In reviewing the record evidence, the ALJ properly concluded that Plaintiff's emergency room records did not indicate that her impairments resulted in significant limitations in her functioning. (Tr. 21). *See e.g., Crouch v. Sec'y of Health & Human Servs.*, 909 F.2d 852, 856-57 (6th Cir. 1990) (minimal clinical findings and absence of significant neurological deficits support rejection of allegation of disabling pain). The ALJ properly noted that records from the Cromeans Clinic did not indicate Plaintiff's impairments were resulting in significant limitations in her functioning. (Tr. 21, 522-38). In those records, Plaintiff reported to doctors from May 2006 to December 2007 that she had low back pain and that her pain was between an 8 and a 10 out of 10. (Tr. 527-32). Yet in February 2007, Plaintiff was ambulatory, her extremities were within normal range, and her neurological examination was intact. (Tr. 527). By December 2007, Plaintiff was informed that starting the next month she would no longer be prescribed Xanax and Soma. (Tr. 523). As noted by the ALJ, doctors did not indicate Plaintiff's impairments were resulting in significant limitations in her functioning. (Tr. 21, 523-38). The mere fact that Plaintiff reported pain to her doctors does not mean the ALJ was required to find her disabled, especially in light of the clinical findings noted above. *See e.g., Tyra v. Sec'y of Health & Human Servs.*, 896 F.2d 1024, 1030 (6th Cir. 1990) ("Though claimant's physicians consistently reported Tyra's subjective complaints of pain, he had no underlying neurological abnormalities, atrophy or proportionate loss of sensory and reflex reactions."); *Crouch*, 909 F.2d at 856-57.

In addition to relying on the clinical findings in the ER notes, the ALJ also noted that Plaintiff did not receive any treatment other than pain medication. (Tr. 21, 383-432, 522-38). There is no indication in the medical records that doctors recommended physical therapy, steroid injections or surgery.[1] Instead, as noted above, the ER notes show that with mediation, Plaintiff was in no acute distress, generally had a normal appearance and gait, and was discharged in stable to good condition with instructions only to take her medications. (Tr. 395, 516). The ALJ also specifically noted that Plaintiff took Lortab three times a day. (Tr. 19). Although the fact that Plaintiff went to the emergency room may suggest she was seriously limited, the clinical findings in the ER notes demonstrate Plaintiff was not as limited as she claimed. The ALJ properly considered the type and extent of treatment that Plaintiff received to relieve her pain. See 20 C.F.R. § 416.929(c)(4)(2008).

Additionally, the ALJ noted that while Plaintiff has conditions that could reasonably give rise to her pain, her testimony could not be credited due to her inconsistency regarding both the amount of work she can perform and her symptoms of pain. In a Daily Activities Questionnaire completed by Plaintiff, she stated that she regularly performs a wide range of activities that her alleged symptoms and her later testimony suggest would be impossible. (Tr. 20, 125-29). Additionally, the ALJ found Plaintiff's ability to perform these activities comparable with an individual that is not disabled.

During the hearing, the ALJ called a vocational expert ("VE") to testify who was familiar with Plaintiff's background. (Tr. 563-66). The VE testified that Plaintiff's past relevant work as a house cleaner was classified as unskilled, in the medium intensity category. (Tr. 563). The VE

---

[1] Plaintiff testified that surgery had been recommended but she did not have any insurance. (Tr. 561). The court has not found any medical records to support that assertion.

stated that this job imparted Plaintiff with no transferable job skills. (Tr. 565). When asked to consider Plaintiff's age, education, work experience, and assigned RFC, the VE opined that Plaintiff could perform light, unskilled work. (*Id.*). Based on the VE's testimony and his assessment of Plaintiff's RFC, the ALJ found that Plaintiff is capable of performing unskilled light work, with a sit/stand option. (Tr. 20). Based on these findings, the ALJ properly evaluated all the evidence and testimony, and determined that Plaintiff has the RFC that meets the demands of light work.

Considering the ALJ's findings in light of the applicable standard of review, the court finds the ALJ committed no error. The ALJ properly considered Plaintiff's history of back pain and the treatment she received. The ALJ weighed Plaintiff's subjective complaints and concluded that, while the medical evidence supported a finding of some pain and restrictions, the evidence did not show that Plaintiff was disabled because of her pain. In discounting Plaintiff's subjective testimony, the ALJ relied upon substantial evidence and properly applied the pain standard formulated by the Eleventh Circuit in *Wilson*. Accordingly, Plaintiff's argument fails.

## VI.   Conclusion

For the reasons stated above, the court concludes that the ALJ's determination that Plaintiff is not disabled is supported by substantial evidence and proper legal standards were applied in reaching this determination. The Commissioner's final decision is due to be affirmed, and a separate order in accordance with this memorandum opinion will be entered.

**DONE** and **ORDERED** this ____15th____ day of March, 2010.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE